UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In the matter of the<br><br>MERIE SUE WILSON TRUST | 3:09-cv-00311-LRH-VPC<br><br>ORDER |

On January 24, 2008, Petitioners Seth Wilson and Kevin Bonicamp initiated this action in the Second Judicial District Court in Washoe County, Nevada by filing a "Petition for Court to Assume Jurisdiction of Trust and for Issuance of Order Authorizing the Payment of Attorney's Fees." (*See* Pls.' Resp. to Pet. for Removal (#13[1]), Ex. A.)  In the petition, Petitioners contend that by "failing to engage in proper asset allocation and diversification," the trustees of the Merie Sue Wilson Trust, Wells Fargo Bank and Merie Sue Wilson ("Trustees"), breached their fiduciary duties and caused the Trust to lose over $700,000. (*Id.*, ¶ 4.)  As such, Petitioners asked the court to permit them to file an action on behalf of the Trust to recover these losses and to authorize the payment of attorney's fees.

On May 18, 2009, Petitioners filed an "Amended Petition for Court to Assume Jurisdiction of Trust and for Instructions." (*See* Def.'s Pet. for Removal (#1), Ex. A.)  In the amended petition, Petitioners expand upon the allegations in the original petition and fault Trustees for (1) failing to

---

[1] Refers to the court's docket entry number.

account and (2) breaching their fiduciary duties.

On June 11, 2009, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Wells Fargo removed the action to this court.[2]  (*See* Notice of Removal (#1).)  In response, Petitioners filed a motion to extend time for filing a motion to remand (#9).  Wells Fargo filed an opposition (#10), and on July 30, 2009, Petitioners filed a "response" (#13) to the petition for removal.[3]

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a).  Among other reasons, the district courts of the United States have "original jurisdiction" where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  28 U.S.C. § 1332(a).  The parties agree that this court has subject matter jurisdiction over this dispute because the parties are of diverse citizenship and because it is facially apparent from the petition that the amount in controversy exceeds $75,000.[4]

Petitioners seek an additional forty-five days to file a motion to remand. Wells Fargo argues that the court should deny Petitioners' request because 28 U.S.C. § 1447 does not permit such an extension of time.  In relevant part, § 1447(c) provides, "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the

---

[2]Merie Sue Wilson joined the notice of removal.  (*See* Joinder (#2).)

[3]Although Petitioners label the document a "response," because in the response petitioners essentially seek a remand of this case, the court construes the response (#13) as a motion to remand.

[4]Petitioners are Colorado residents, Wells Fargo is a North Dakota resident, and Merie Sue Wilson is a Nevada resident.  In addition, Petitioners allege that Trustees have reduced the value of the Trust by over one million dollars.
  The court notes that § 1441(b) prohibits removal where any of the defendants are citizens of the state in which the action is brought.  Here, because Wilson is a citizen of Nevada, she is a forum defendant within the meaning of § 1441(b).  Nonetheless, the Ninth Circuit has held that the forum defendant rule is not a jurisdictional defect and is instead a waivable procedural defect. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 936 (9th Cir. 2006).  Thus, because Petitioners have failed to raise Trustee's violation of the forum defendant rule within thirty days following removal, they have waived this argument. *See id.*; 28 U.S.C. § 1447(c).

2

filing of the notice of removal . . . ." 28 U.S.C. § 1447(c).

Petitioners filed the motion to extend time on June 30, 2009, within the thirty-day period for filing a motion to remand. If the court had ruled immediately on the motion, Petitioners could have filed a motion to remand within the filing period. The court will not penalize Petitioners for its own delay. Further, in filing the motion to extend time, Petitioners made clear that they intended to challenge removal. "The purpose of the 30-day time limit is to resolve the choice of forum at the early stages of litigation and to prevent the shuffling of cases between state and federal courts after the first thirty days." *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) (internal quotation marks and citation omitted). In light of the court's delay, the notice to Trustees of Petitioners' intent to challenge removal, and the lack of prejudice to Trustees, the court will grant the motion to extend time.

IT IS THEREFORE ORDERED that Petitioners' Motion to Extend Time (#9) is GRANTED.

IT IS FURTHER ORDERED that Wells Fargo and Merie Sue Wilson shall have fifteen (15) days from the entry of this order to file an opposition to the motion to remand. Petitioners shall have ten (10) days to reply.

IT IS SO ORDERED.

DATED this 10th day of February, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3