1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                        DISTRICT OF NEVADA

8                              * * *
                               )
9    In the matter of the      )
                               )
10   MERIE SUE WILSON TRUST     )         3:09-CV-00311-LRH-VPC
                               )
11   _____ )       <u>ORDER</u>
                               )
12   _____ )

13          Before the court is Petitioner Kevin Bonicamp's Motion to Remand (#13[1]).  Respondent

14   Wells Fargo Bank has filed an opposition (#16) to which Petitioner replied (#23).

15   **I.     Facts and Procedural History**

16          On January 24, 2008, Petitioners Seth Wilson and Kevin Bonicamp filed in the Second

17   Judicial District Court in Washoe County, Nevada a "Petition for Court to Assume Jurisdiction of

18   Trust and for Issuance of Order Authorizing the Payment of Attorney's Fees."  (*See* Pls.' Mot.

19   Remand (#13), Ex. A.)  In the petition, Petitioners contend that by "failing to engage in proper asset

20   allocation and diversification," the trustees of the Merie Sue Wilson Trust, Wells Fargo Bank and

21   Merie Sue Wilson ("Trustees"), breached their fiduciary duties and caused the Trust to lose over

22   $700,000.  (*Id.*, ¶ 4.)  However, rather than asserting claims for relief, Petitioners asked the court to

23   permit them to file an action on behalf of the Trust to recover these losses and to authorize the

24   payment of attorney's fees.

25   _____

26          [1]Refers to the court's docket entry number.

On May 18, 2009, Petitioners filed an "Amended Petition for Court to Assume Jurisdiction of Trust and for Instructions." (*See* Def.'s Pet. for Removal (#1), Ex. A.)  In the amended petition, Petitioners expand upon the allegations in the original petition and specifically allege causes of action for (1) failing to account and (2) breaching of fiduciary duties.

On June 11, 2009, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Wells Fargo removed the action to this court.[2]  (*See* Notice of Removal (#1).)

## II.    Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a).  Among other reasons, the district courts of the United States have "original jurisdiction" where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  28 U.S.C. § 1332(a).

"If . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus*, 980 F.2d at 566.  The defendant always has the burden of establishing that removal is proper.  *Gaus*, 980 F.2d at 566.

## III.    Discussion

The parties agree that the court has subject matter jurisdiction over this dispute because the parties are of diverse citizenship and because it is facially apparent from the petition that the

---

[2]Merie Sue Wilson joined the notice of removal.  (*See* Joinder (#2).)

1    amount in controversy exceeds $75,000.[3]  Petitioner nonetheless argues remand is warranted

2    because of procedural defects in the removal process.

3         Petitioner first argues removal was procedurally improper because Wells Fargo filed the

4    notice of removal more than thirty days after receiving notice of the action in violation of 28 U.S.C.

5    § 1446(b).  In relevant part, § 1446(b) provides, "The notice of removal of a civil action or

6    proceeding shall be filed within thirty days after the receipt by the defendant, through service or

7    otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action

8    or proceeding is based . . . ."  28 U.S.C. § 1446(b).

9         As noted above, Petitioners initiated this action on January 24, 2008, and Wells Fargo did

10   not file the notice of removal until June 11, 2009.  Wells Fargo contends that removal was

11   nonetheless timely because the initial pleading did not provide a basis for removal.  Wells Fargo

12   relies on the remaining portion of § 1446(b), which states, "If the case stated by the initial pleading

13   is not removable, a notice of removal may be filed within thirty days after receipt by the defendant,

14   through service or otherwise, of a copy of any amended pleading . . . from which it may first be

15   ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)

16        Wells Fargo notes that in their initial petition, Petitioners did not assert any claims for relief

17   and instead only requested permission from the court to initiate an action against the Trustees.  It

18   appears that after Petitioners filed the initial petition, the parties engaged in settlement negotiations

19   that were unsuccessful.  As a result, a hearing was held on April 30, 2009.  At the hearing, the court

20

---

21        [3]Petitioners are Colorado residents, Wells Fargo is North Dakota resident, and Merie Sue Wilson is a

22   Nevada resident.  In addition, Petitioners allege that Trustees have reduced the value of the Trust by over one
     million dollars.

23        The court notes that § 1441(b) prohibits removal where any of the defendants are citizens of the state
     in which the action is brought.  Here, because Wilson is a citizen of Nevada, she is a forum defendant within

24   the meaning of § 1441(b).  Nonetheless, the Ninth Circuit has held that the forum defendant rule is not a
     jurisdictional defect and is instead a waivable procedural defect. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d

25   933, 936 (9th Cir. 2006).  Thus, because Petitioners have failed to raise Trustee's violation of the forum
     defendant rule within thirty days following removal, they have waived this argument. *See id.*; 28 U.S.C. §

26   1447(c).

1  directed Petitioners to file an amended petition by May 15, 2009.  Petitioners filed the amended

2  petition on May 18, 2009.  In the amended petition, Petitioners allege specific claims against

3  Trustees for failing to account and breach of their fiduciary duties.

4  The court agrees that Wells Fargo's removal complied with the thirty-day limit.  The

5  removal statute provides that the party seeking removal must do so within thirty days after

6  receiving the initial pleading "setting forth the claim for relief upon which [the] action is based . . .

7  ."  28 U.S.C. § 1446(b).  Here, in the initial petition, Petitioners did not assert any claim for relief

8  and instead merely asked the court to permit them to "file an action on behalf of the trust to recover

9  losses caused by the Trustees' breach of fiduciary duty."  (*See* Pls.' Mot. Remand (#13), Ex. A.)

10 That Wells Fargo may have suspected that the case might be removable once Petitioners alleged

11 specific claims for relief is not controlling.  "[N]otice of removability under § 1446(b) is

12 determined through examination of the four corners of the applicable pleading, not through

13 subjective knowledge or a duty to make further inquiry."  *Harris v. Bankers Life & Cas. Co.*, 425

14 F.3d 689, 694 (9th Cir. 2005).  Because Wells Fargo filed the notice of removal on June 11, 2009,

15 less than thirty days after Petitioners filed the amended petition, removal was timely.

16 Petitioner next contends that regardless of the thirty-day time limit, removal was improper

17 because Wells Fargo removed the action more than one year after the action's commencement.

18 The relevant portion of § 1446(b) provides, "[A] case may not be removed on the basis of

19 jurisdiction conferred by [28 U.S.C. § 1332] more than one year after commencement of the

20 action."  28 U.S.C. § 1446(b).

21 Again, the court finds that removal was timely.  As discussed above, when Petitioners filed

22 their initial petition on January 24, 2008, they did not assert any claims for relief against Wells

23 Fargo.  Instead, they asked the court to assume jurisdiction and issue an order permitting them to

24 file an action on behalf of the Trust.  At that time, and up until the filing of the amended petition in

25 May of 2009, there was no case for Wells Fargo to remove.  Indeed, it appears that from the filing

26

4

1    of the initial petition to the hearing in April of 2009, the court did not issue any orders, and the

2    parties neither submitted motions nor engaged in discovery.  Thus, the parties did not make

3    substantial progress in state court.  Under these circumstances, 28 U.S.C. § 1446(b) does not

4    prevent Wells Fargo from removing the case.[4]

5            IT IS THEREFORE ORDERED that Petitioner's Motion to Remand (#13) is DENIED.

6            IT IS SO ORDERED.

7            DATED this 31st day of March, 2010.

8

9            _____

10           LARRY R. HICKS
             UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24   _____

25       [4]The court notes that although the Ninth Circuit has not addressed the issue, the court finds persuasive
     decisions concluding that the one-year time limitation is a procedural rather than a jurisdictional defect. *See,*
26   *e.g., Jackson v. Wal-Mart Stores, Inc.*, 588 F. Supp. 2d 1085 (N.D. Cal. 2008).